UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NHUAN NGUYEN LAM, | Case No. 2:25-cv-02565-APG-DJA |
| Petitioner | **Order** |
| v. | [ECF Nos. 1, 1-1] |
| JOHN MATTOS, | |
| Respondent | |

Nhuan Nguyen Lam, an immigration detainee, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241, filed a motion for leave to proceed *in forma pauperis* (IFP), and requested that counsel be appointed. ECF Nos. 1, 1-1.  Good cause exists to grant the motion to proceed IFP, and the appointment of counsel supports the interests of justice given, among other things, the complexities of this case.[1]  The petition establishes a *prima facie* case for relief,[2] so I direct that it be served on the United States Attorney's Office for the District of Nevada.

I THEREFORE ORDER that the motion to proceed IFP (ECF No. 1) is granted.

I FURTHER ORDER that the Federal Public Defender for the District of Nevada is appointed to represent Lam and is directed to file a notice of appearance (or indicate its inability

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

[2] I exercise my discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

to represent Lam) by **January 6, 2025**. If the Federal Public Defender is unable to represent Lam, alternate counsel will be appointed. Appointed counsel will represent Lam in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

I FURTHER ORDER that if the Federal Public Defender files a notice of appearance in this matter, it will then have 14 days to file an amended petition. The Federal Public Defender shall effectuate service of the amended petition on the respondents.

I FURTHER KINDLY ORDER the Clerk of Court to:

1. **FILE** the petition (ECF No. 1-1).
2. **DELIVER** a copy of the petition (ECF No. 1-1) and this Order to the U.S. Marshal for service.
3. **ADD** the United States Attorney for the District of Nevada and John Mattos to the docket as Interested Parties.
4. **SEND** through CM/ECF a copy of the petition (ECF No. 1-1) and this Order to the United States Attorney's Office for the District of Nevada, at Sigal.Chattah@usdoj.gov, summer.johnson@usdoj.gov, Veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).
5. **SEND** a copy of the Petition (ECF No. 1-1) and this Order to the Federal Public Defender, Lam, and the CJA Coordinator for this division.

I FURTHER ORDER the U.S. Marshal to **SERVE** a copy of the petition (ECF No. 1-1) and this Order on the United States Attorney for the District of Nevada or on an Assistant United

States Attorney or clerical employee designated by the United State Attorney under Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

I FURTHER ORDER the United States Attorney's Office for the District of Nevada file a notice of appearance by **January 6, 2025** and file and serve their answer to the amended petition within seven days of service of the counseled amended petition. The respondents must file with their answer any documents reference or relied upon in their responsive pleading.[3] Lam will then have seven days to file a reply.

I FURTHER ORDER the parties to meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

I FURTHER ORDER that the respondents shall not transfer Lam out of this District.[4]

Dated: December 29, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").